# James Boyd Robison, Plff. in Err., *v.* Thomas Trench.

The action of the court below in refusing to grant a motion to set aside an execution and to strike off a judgment cannot be reviewed by the supreme court, unless there is something apparent of record which tends to show that the judgment is irregular or void.

Where A, as attorney for B, confessed judgment as follows: "Now, June 23, 1887, by virtue of the above warrant of attorney executed by the above-named defendant, I hereby appear for the said defendant, and confess

judgment against him and in favor of the said plaintiff for $3,255, being the amount of the real debt of said writing obligatory, with the interest on the same from November 22, 1886, to date, and 5 per cent attorney's commission on said real debt (being $150), added, with like effect as if said judgment had been duly rendered upon the lawful verdict of a jury with costs of suit, with a full release of all· errors, and without stay of execution after any default, waiving inquisition upon any real estate which may be levied upon to collect the said sum with voluntary condemnation of the same, authorizing the prothonotary to enter upon the fieri facias, said voluntary condemnation and waiving exemption, the lien of this judgment only to be against and confined to premises described in the mortgage given by defendant to plaintiff according to the tenor of said bond and warrant, and agreeing that said real estate may be sold on a fieri facias,"—it was *Held* to be within the restriction contained in the warrant of attorney that "the above warrant of attorney not to take effect except in case of default of payment as provided in mortgage accompanying this bond, and to be confined to the premises described."

(Argued April 10, 1888. Decided May 7, 1888.)

January Term, 1888, No. 56, E. D., before GORDON, Ch. J., PAXSON, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Columbia County to review a judgment in favor of plaintiff entered by virtue of a warrant of attorney to confess judgment, contained in a bond accompanying a mortgage, September Term, 1887, No. 120. Affirmed.

Judgment was entered for plaintiff against defendant, for $3,255; and thereupon defendant presented his petition to the common pleas, praying said court to stay and set aside the execution issued in this case, and to strike off the judgment, which petition alleged, substantially, as follows:

That on or about the 22d of May, 1887, defendant procured a loan of $3,000 from the plaintiff, Thomas Trench, through J. H. Maize, the attorney of said Thomas Trench, with whom all negotiations were had. That at the time of the negotiations it was agreed that the loan should be for five years to be secured by bond and mortgage; and that at the expiration of five years Thomas Trench would not require the principal of the debt, but that it should be further extended for another period of five years or shorter period if defendant, Robison, so desired.

And the defendant executed the mortgage and the accompanying bond, relying on the verbal agreement of renewal as aforesaid.

Further, the mortgagor in the bond accompanying the mort-

gage gave a warrant of attorney authorizing the entry of judgment on the bond, but with the following restriction and limitation,—to wit, "The above warrant of attorney not to take effect, except in case of default of payments as provided in mortgage accompanying this bond, and to be confined to the premises described,"—which restriction defendant believes limited the operation of the warrant, to the effect that no general judgment could be entered up against him, but only a judgment *in rem;* and that no general execution could be issued on any judgment thereon, but only execution against the land described.

Notwithstanding the agreement and understanding aforesaid, and notwithstanding the fact that the mortgagor had paid all instalments of interest due prior to the time when the principal came due by the written terms of the mortgage, yet the mortgagee refused to extend the mortgage and the time of the payment thereof, although the mortgagor offered to pay all accrued interest thereon.

And the mortgagee has, through his attorney, B. F. Zarr, Esq., confessed a general judgment on the bond against the mortgagor and obligee, which confession of judgment, entered on the 23d of June, 1887, was not authorized by the warrant of attorney under which he claimed to act, and was not in accordance with the terms of the warrant, but was and is in contravention thereof, and further did allow and confess judgment for more than is justly due the plaintiff,—to wit, the sum of $150 as and for 5 per cent commission on the sum of $3,000 in addition to the principal debt, and seven months' accrued interest; and forthwith on the same day, to wit, on the 23d day of June, 1887, did cause to issue a fieri facias with clause of general execution against all the goods and chattels, lands and tenements of the obligee for the sum of money so alleged to be due, including the illegal sum of $150; and otherwise has illegally and unjustly oppressed your petitioner, contrary to their agreement made at the time the mortgage was executed and contrary to the terms of the bond and mortgage and the warrant of attorney therein contained.

The confession of judgment as entered is set forth in the head note.

A rule was granted to show cause why the execution should not be set aside and the judgment stricken off. Sale to be stayed until return of rule.

Afterwards the rule was discharged, with the following opinion:

"We think the evidence before us is insufficient to set aside the written instrument, and that the judgment will support an execution on which the mortgaged property may be sold; but that other property of defendant cannot be seized and sold upon it. As no effort or threats are made to sell other property of the defendant we are not now required to consider that question."

The defendant specified as error the action of the court below in discharging the rule to show cause, and permitting the execution and judgment to stand.

*James Boyd Robison,* plaintiff in error, *pro se.*—A contemporaneous parol agreement will vary a written instrument, in Pennsylvania, even to the extent of changing its terms. Bown v. Morange, 108 Pa. 69.

In entering judgments by virtue of warrant of attorney, the authority must be strictly pursued. Freeman, Judgm. § 543.

The judgment should be stricken off whether the attorney be responsive or not. Banning v. Taylor, 24 Pa. 289.

*B. Frank Zarr* and *John G. Freeze,* for defendant in error.— The evidence should be of what occurred at the time of the execution of the instrument, not what was said at the times when negotiations were had about the subject matter to be contained in the instrument. Martin v. Berens, 67 Pa. 459; Thomas v. Loose, 114 Pa. 35, 6 Atl. 326, and Jackson v. Payne, 114 Pa. 67, 6 Atl. 340.

All the evidence and the circumstances surrounding this transaction refute the claim set up by Robison, that there was a contemporaneous agreement, to extend or renew the loan. In order to sustain such a claim the evidence must be full, satisfactory, and indubitable. Rearich v. Swinehart, 11 Pa. 233, 51 Am. Dec. 540; McGinity v. McGinity, 63 Pa. 38; Martin v. Berens, 67 Pa. 459; Ballentine v. White, 77 Pa. 20; Spencer v. Colt, 89 Pa. 314; Rowand v. Finney, 96 Pa. 192; Murray v. New York, L. & W. R. Co. 103 Pa. 37.

PER CURIAM:

The motion in this case is "to set aside the execution and strike off the judgment." This the court below refused to do;

and this action cannot be reviewed by us, unless there were something apparent of record which tended to show that the judgment was irregular or void. As nothing does so appear, all that we can do is to approve of the action of the court below. The objection that the attorney, who entered the judgment, exceeded his authority by a general confession, instead of limiting it to the mortgage property, is not well founded, for the confession does expressly so limit the judgment.

Judgment affirmed.